IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND WRIGHT,

     Plaintiff,                    No. CIV S-06-2261 MCE KJM P

    vs.

K. JOHNSON, et al.,

     Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed May 9, 2007, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in
2  fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.
5  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
7  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8  A complaint, or portion thereof, should only be dismissed for failure to state a
9  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
11  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13  complaint under this standard, the court must accept as true the allegations of the complaint in
14  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17  In his complaint, plaintiff makes several allegations that do not amount to a
18  cognizable claim.  The closest plaintiff comes to stating a valid claim is by alleging that he was
19  transferred to another prison because he filed grievances against staff at Mule Creek State
20  Prison.  While petitioner has a right not to be retaliated against for filing prisoner grievances, see
21  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), petitioner fails to point to any facts
22  suggesting that he was transferred or subjected to any potentially injurious acts because he filed
23  prisoner grievances.  Plaintiff's complaint fails to state a claim upon which relief can be granted
24  and should be dismissed.
25  /////
26  /////

In accordance with the above, IT IS RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2007.

_____
U.S. MAGISTRATE JUDGE

---

1
wrig2261.frs